PER CURIAM:
Claimant brought this action for vehicle damage sustained when his vehicle struck a hole while traveling northbound on the 1-79 Buffalo Creek bridge near the Gassaway exit. 1-79 is a highway maintained by respondent in Braxton County. The Court is of the opinion to make an award in this claim for the reasons more fully set forth below.
The incident giving rise to this claim occurred on August 16, 1998, at approximately 7:00 p.m. On this rainy evening, claimant was traveling northbound towards Flatwoods from the Beckley exit along 1-79 in his customized 1982 Chevrolet S-10 Pick-up truck at a speed of sixty-five miles per hour in a seventy mile per hour speed zone. Claimant travels this portion of highway several times each week for his employment as a security guard. On these prior occasions, claimant has never noticed any cones, barrels, flagmen or any signs indicating any potentially hazardous conditions on the highway surface of 1-79. As claimant operated his vehicle in the passing lane on the reinforced concrete overpass Buffalo Creek bridge *128 near the Gassaway exit, he suddenly observed a very deep hole in the pavement on the bridge. Since there were two other vehicles beside claimant’s vehicle at that moment, he could not maneuver his vehicle around the hole. The vehicle’s front driver’s side struck the hole that was two feet inside the white line. The impact burst the front driver side tire, damaged the rim and bumper, ruptured the oil pan, and caused other damages. Afterward, the vehicle was towed from the scene to the residence of the father of claimant’s girlfriend. The loss of the vehicle caused claimant to miss a week of employment. Claimant sustained a total loss in the amount of $1,460.30 for the following: the estimated damages to the vehicle of $1,178.30; towing charges of $35.00; and estimated wage loss of $247.00. Claimant’s liability motor vehicle insurance policy provided no insurance coverage for this incident. Eventually, the vehicle was used as a trade-in on another vehicle.
The position of respondent was that the poor condition of the highway was caused by the poor substructure which it had been working on to repair. The condition of the surface of the bridge had caused holes to form in its pavement. Respondent patrolled this particular area several times per day to repair holes with cold mix asphalt as needed. Respondent asserted that due to this condition, it gave the bridge a higher priority of care. Cold mix asphalt was used to repair the holes because the location of the hot mix plant was about seven miles from respondent. On August 14, 1999, and on August 15, 1999, respondent had been to the location in question and repaired holes in the pavement. Apparently, by the time of the incident, two days of rain had caused the cold mix asphalt to come out of the hole. Since this incident occurred on a Sunday, respondent’s employees were not patrolling the bridge. According to respondent, after receiving notice of the incident herein from a member of the West Virginia State Police, employees of respondent immediately went to the scene and repaired the hole.
The well established principle of law in West Virginia is that the State is neither an insurer nor a guarantor of the safety of travelers upon its roads. Adkins vs. Sims, 130 W.Va. 645; 46 S.E.2d 81 (1947). In order to hold respondent liable for road defects of this type, claimant must prove that respondent had actual or constructive notice of the defect and a reasonable time to take corrective action. Chapman vs. Dept. of Highways, 16 Ct. Cl. 103 (1986).
In the present claim, the evidence adduced at the November 4, 1999, hearing establish that respondent was negligent in its maintenance of the Buffalo Creek bridge of 1-79 in Braxton County. The Court is of the opinion that respondent knew of the hazardous condition on the Buffalo Creek bridge, and it had a duty to warn motorists of the defective condition of the pavement on the bridge. Even with the knowledge of the Buffalo Creek bridge’s hazardous condition, respondent failed to warn the traveling public. Respondent’s failure to provide some form of warning mechanism to warn motorists about this hazard constitutes negligence for which *129 claimant may recover his loss. Consequently, there is sufficient evidence of negligence upon which to base an award.
In view of the foregoing, the Court is of the opinion to and does make an award in this claim in the amount of $1,460.30.
Award of $1,460.30.